IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARY COLBERT and<br>(2) LARRY COLBERT<br><br>      Plaintiffs,<br><br>VS.<br><br>(1) UNITED STATES OF AMERICA ex rel<br>CHICKASAW NATION MEDICAL<br>CENTER<br><br>      Defendants. | Case No. 12-CV-466-JHP |

## **COMPLAINT**

Plaintiffs, complaining of Defendant, allege and state:

## **JURISDICTION AND VENUE**

1. The Plaintiffs in this action are Mary Colbert and her husband Larry Colbert.

2. Plaintiffs are citizens and residents of the State of Oklahoma.

3. The United States of America is a defendant, in its capacity as the responsible entity, pursuant to 25 U.S.C. §450f, *et. seq.* and 28 U.S.C. §2671, *et. seq.,* (FTCA) for the actions of the Chickasaw Nation Medical Center (CNMC), located in Ada, Oklahoma, and for the agents and employees of CNMC.

4. This Court has jurisdiction of the matter pursuant to 28 U.S.C. §2671, *et. seq.,* and pursuant to supplemental jurisdiction conferred upon this Court pursuant to 28 U.S.C. §1367(a).

5. The events about which Plaintiffs complain took place at CNMC in Ada, Pontotoc County, Oklahoma, in the Eastern District of the United States District Court, sitting in Oklahoma.

6. Plaintiffs have, heretofore, pursuant to the FTCA, filed claims with the United

States, and the six month time to respond to said claims expired, without the United States taking any action on said claims.

## FACTS

7. On September 7, 2010, Mary Colbert was admitted to CNMC for a total abdominal hysterectomy with removal of her fallopian tubes and ovaries.

8. Agents or employees of CNMC performed the surgery, during which they placed a stitch in Mary Colbert's left ureter, resulting in a severed ureter and complications with her left kidney and her left ureter.

9. The agents or employees of CNMC performing the surgery failed to recognize during the surgery that they had placed a stitch in Mary Colbert's ureter.

10. The agents or employees of CNMC performing the surgery failed to run routine intra-operative tests to verify the integrity of Mary Colbert's left and right ureters prior to completing the surgery.

11. Mary Colbert presented to the hospital one week after her surgery, complaining of pain in her left flank and was referred to a urologist, Dr. Glen Diacon.

12. Dr. Diacon examined Mary Colbert and determined that her left ureter was obstructed. Dr. Diacon performed a surgery to determine the cause of obstruction of Mary Colbert's left ureter and discovered that a stitch had been placed in the left ureter, ultimately severing the ureter.

13. Dr. Diacon reconnected the ends of the ureter over a stent.

14. Even though Dr. Diacon was able to reconnect the severed ureter, Mary Colbert has undergone at least six (6) follow-up surgeries due to complications from the injury that she suffered, during the September 7, 2010 surgery, and will have to be monitored for the rest of her

life and possibly undergo further surgeries.

15. Larry Colbert has suffered injuries in the nature of loss of consortium as a result of the injuries to his wife.

## CLAIMS FOR RELIEF

### First Claim for Relief

16. Agents or employees of CNMC who performed the surgery, owed to Mary Colbert the duty to exercise that degree of skill, diligence and foresight exercised by and expected of physicians.

17. The medical care and treatment provided to Mary Colbert by agents or employees of CNMC departed from accepted standards of medical care so as to constitute medical negligence.

18. The departures from accepted standards of medical care caused Plaintiff Mary Colbert to suffer injuries and damages.

19. Agents or employees of Chickasaw Nation Medical Center were responsible for Mary Colbert's medical care at all times relevant to the matters before this Court.

### Second Claim for Relief

20. All of the previous allegations are incorporated herein by reference in this Second Claim for Relief.

21. The departures from accepted standards of medical care caused Plaintiff Larry Colbert to suffer injuries and damages secondary to those suffered by Mary Colbert, in the nature of loss of consortium.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask for damages in an amount in excess of $75,000.00 on behalf of Mary Colbert and in excess of $75,000.00 on behalf of Larry Colbert and each Plaintiff asks for costs of this action, and for such further relief, at law or in equity, to which Plaintiffs may be justly entitled.

        Respectfully submitted,

        s/ William W. Speed
        William W. Speed, OBA #19031

        BRALY, BRALY, SPEED & MORRIS, PLLC
        P.O. Box 2739
        Ada, OK 74821
        580 436-0871
        Fax 580 436-0889

        ATTORNEYS FOR PLAINTIFFS

ATTORNEY'S LIEN CLAIMED